UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
PAUL JAMES,

                Petitioner,           04 Civ. 4347 (GBD) (FM)

      -against-                        <u>ORDER</u>

WILLIAM MAZZUCA,

                Respondent.
------------------------------------------------------------x

GEORGE B. DANIELS, DISTRICT JUDGE:

     *Pro se* petitioner filed a writ of habeas corpus challenging his conviction, upon a jury verdict in Supreme Court, New York County, rendered on October 31, 2001, for attempted robbery in the second degree and assault in the second degree. Magistrate Judge Frank Maas issued a Report and Recommendation ("Report") wherein he found that petitioner's claims are without merit. He recommended that the petition be denied in its entirety and that the action be dismissed with prejudice. In his report, Magistrate Judge Maas advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections. Petitioner filed timely objections to the Report.

     In the Report, Magistrate Judge Maas concluded that there was no merit to petitioner's claim that the People failed to establish the requisite "physical injury" and that the evidence was therefore legally insufficient. Petitioner's claim of actual innocence was found to be procedurally defaulted since it was never raised in state court and therefore would be procedurally barred there. His actual innocence claim was also found to be without merit since the proof plaintiff proffered to show "that no rational juror would or could have concluded that he was guilty...falls woefully short of this mark."

     The Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report. Where there are no objections, the Court may

accept the Report provided there is no clear error on the face of the record. See Nelson v. Smoth, 618 F.Supp. 1186, 1189 (S.D.N.Y. 1985); see also Heisler v. Kralik, 981 F.Supp. 830, 840 (S.D.N.Y. 1997), aff'd, 167 F.3d 618 (2d Cir. 1998). With respect to those portions of the Report to which petitioner did not specifically object, the Court finds that the record is not facially erroneous.

The Court must make a "*de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); see also Fed.R.Civ.P. 72(b). It is not required however, that the Court conduct a *de novo* hearing on the matter. See United States v. Raddatz, 447 U.S. 667, 676 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusion" regarding those portions to which the objections were made. Nelson v. Smith, 618 F.Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting Hernandez v. Estelle, 711 F.2d 619, 620 (5th Cir. 1983)). Accordingly, the Court, in the exercise of sound judicial discretion, must determine the extent, if any, it should rely upon the magistrate judge's proposed "findings and recommendations." Raddatz, 447 U.S. at 676. Since plaintiff is proceeding *pro se*, his objections, as well as his other pleadings, are to be liberally construed and interpreted to raise the strongest argument they suggest. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); See also McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)).

The Court has examined petitioner's various objections and finds each of them to be without merit. Petitioner again asserts that the facts established at trial were legally insufficient to support a guilty verdict. It is apparent that the magistrate judge considered this issue at length and determined that "the jury's verdict must be permitted to stand '[a]s long as any competent evidence went to the fact-finders from which they could infer guilt beyond a reasonable doubt.'"

See Reid v. Miller, No. 02 Civ. 2895 (LTS)(MDF), 2003 WL 22383097, at *6 (S.D.N.Y. Oct. 20, 2003) (quoting Martin v. Scully, 748 F.Supp. 159, 164 (S.D.N.Y. 1990). The victim testified that her neck was stiff and her jaw was sore for approximately one week. (Tr. at 219). This testimony alone would have permitted a rational juror to find this element of the crimes proved. See Smith v. Duncan, No. 03 Civ. 910 (DLC), 2004 WL 1857570, at *5 (S.D.N.Y. Aug. 18, 2004) (physical injury established where victim suffered a bump and bruise to his head that "resulted in a week of pain and caused him to have difficulty chewing").

Petitioner further contends that he did not attempt to rob or assault the victim and is therefore innocent. Because this claim has not been raised by petitioner before, it is unexhausted. However, any attempt by petitioner to file a second direct appeal would be untimely. Collateral review, of an issue that could have been raised on direct appeal but was not, is barred. Therefore, petitioner's new claim would be considered procedurally barred by the state court. See N.Y. Crim. Proc. Law § 460.10(1)(a) (McKinney 2005); N.Y. Crim. Proc. Law § 440.10(2)(c) (McKinney 1994); see also Bossett v. Walker, 41 F.3d 825, 829 (2d Cir. 1994). As Magistrate Judge Maas properly concluded, this Court must treat the claim as "procedurally defaulted." See Aparicio v. Artuz, 269 F.3d 78, 89-90 (2d Cir. 2001) (quoting Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991)).

Federal habeas review is barred unless petitioner can demonstrate both cause for default and actual prejudice, or demonstrate that the failure to consider his claim will result in a fundamental miscarriage of justice. Coleman, 501 U.S. at 750. Petitioner has failed to demonstrate either, indeed his petition for habeas and his objections fail to address any reason which could constitute cause for his default. Moreover, petitioner's proffered proof with respect to his claim of actual innocence falls far short of establishing that no rational juror would or

could have concluded that he was guilty.

After reviewing the Report and petitioner's objections, the Court adopts the Report in its entirety. The petition is therefore dismissed.

Furthermore, as petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253; Tankleff v. Senkowski, 135 F.3d 235, 241 (2d Cir. 1998); United States v. Perez, 129 F.3d 255, 259-260 (2d Cir. 1997); Lozada v. United States, 107 F.3d 1011 (2d Cir. 1997). Additionally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. Coppedge v. United States, 269 U.S. 438 (1962).

Dated: New York, New York
      September 7, 2005

SO ORDERED:

_____
GEORGE B. DANIELS
United States District Judge